# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHARLES M. HOWARD, SR., <br> Plaintiff, | Case No. 1:12-cv-430 |
| vs. | Weber, J. <br> Bowman, M.J. |
| JUDITH A. LEVY, et al., <br> Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this action against defendants Jillian Miona Lee-Howard, Judith A. Levy, Elizabeth Mattingly, Kathy King and Barry Beasley.[1] By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

---

[1] Plaintiff filed his original complaint on June 1, 2012. (Doc. 1). He subsequently filed an amended complaint, setting forth additional factual allegations and naming an additional defendant. (Doc. 2). Plaintiff's amended complaint supersedes the original complaint and is the "legally operative complaint." *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that on August 25, 2011, defendant Jillian Lee-Howard maliciously filed for a temporary protection order, claiming that plaintiff took their children from her and subjected them to child abuse. (*See* Doc. 2, p. 3; Doc. 1, Complaint p. 3). Plaintiff claims that after a full hearing, defendant Judith A. Levy, a Hamilton County Domestic Relations Court Magistrate, ordered that plaintiff return the children to their mother despite inconsistent testimony presented during the hearing. (*See* Doc. 1, Complaint p. 3). Plaintiff further claims that defendant Barry Beasley, a Cincinnati police officer who was subpoenaed, did not show up for the hearing. *Id.* at 4. On October 20, 2011, plaintiff claims that a warrant was issued against him for violating the terms of a protection order. *Id.* Plaintiff alleges that defendant Judge Elizabeth Mattingly allowed plaintiff to be arrested even though defendant "admitted the order was already dismissed." *Id.*

Based on these facts, plaintiff brings intentional infliction of emotional distress and mental anguish claims against defendant Elizabeth Mattingly; claims of retaliation, perjury, and filing a false report of child abuse against defendant Jillian Lee-Howard; "impeachment of Judith

A. Levy"; a request for compensatory damages against Kathy King; and a claim of obstruction of justice against defendant Barry Beasley. (Doc. 2, p. 4; Doc. 1, Complaint p. 4).

As an initial matter, to the extent that plaintiff is attempting to have this federal court review the state court's decision to issue a protective order, this federal court does not sit as a state appellate court and lacks federal jurisdiction to review the state-court decision plaintiff is attempting to challenge in this lawsuit. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies where, as here, a case is brought by the loser in state court complaining of injuries caused by a state-court judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *Exxon Mobile Corporation v. Saudia Basic Inds. Corp.,* 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the federal plaintiff bases his federal claim is a state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Id*. (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)). In this case, plaintiff seeks relief from alleged injuries stemming from the adverse decision issued by defendants Levy, Mattingly, and King. Accordingly, such claims are barred by the *Rooker-Feldman* doctrine.

In any event, plaintiff's claims against defendants Judith A. Levy, Elizabeth Mattingly, and Kathy King must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are

performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir. 1985).

Making factual findings and issuing protective orders are functions normally performed by a judge. Even if the factual findings or decisions were based on false or misleading information, as plaintiff has alleged, defendants would still be entitled to absolute immunity unless they acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (198) (citation omitted). *See also Mireles v. Waco,* 502 U.S. 9, 11 (1991). The complaint contains no allegation that defendants were without the authority to conduct the hearing or issue findings of fact and conclusions of law. Therefore, the claims against defendants Levy, Mattingly, and King should be dismissed.

As to plaintiff's claims against defendants Jillian Lee-Howard and Barry Beasley, plaintiff has failed to state a claim for which relief can be granted. Plaintiff's complaint alleges that Jillian Lee-Howard committed perjury and filed a false report of child abuse. Against defendant Beasley, plaintiff brings a claim of obstruction of justice. However, perjury, filing a false report of child abuse, and obstruction of justice are all criminal offenses that do not create a private cause of action. *See Bey v. Ohio*, No. 1:11-cv-1213, 2011 WL 5024188, at *3 (N.D. Ohio Oct. 19, 2011) (finding federal perjury statute did not provide a cause of action to civil plaintiffs); *Simpson v. Columbus S. Power Co.*, No. C2-02-1080, 2003 WL 21799897, at *3 (S.D. Ohio July 15, 2003) ("Because Ohio law does not recognize a civil cause of action for perjury, Plaintiff's claim fails as a matter of law."); *Culberson v. Doan*, 125 F. Supp.2d 252, 279-80 (S.D. Ohio 2000) (finding no private cause of action for obstruction of justice under

federal or Ohio law). Accordingly, plaintiff has failed to state a claim for which relief may be granted.

To the extent that plaintiff has raised a First Amendment retaliation claim against defendant Jillian Lee-Howard, this claim also should be dismissed. In order to maintain an action under 42 U.S.C. § 1983, which provides a civil remedy for constitutional rights violations, plaintiff must allege that the defendant acted under color of state law and that her conduct deprived him of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's complaint fails to allege facts showing that defendant acted under color of state law. *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). Accordingly, plaintiff's retaliation claim must also be dismissed.

Accordingly, in sum, the Court finds that plaintiff's complaint should be dismissed because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHARLES M. HOWARD, SR.,<br>　　Plaintiff, | Case No. 1:12-cv-430 |
| vs. | Weber, J.<br>Bowman, M.J. |
| JUDITH A. LEVY, et al.,<br>　　Defendants. | **REPORT AND RECOMMENDATION** |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).